FILED

2018 OCT 12 PM 1:15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HENDERSON,

    Plaintiff,

Case Number: 8:18cv2521T36 CPT

v.

ODLE MANAGEMENT GROUP, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, was an employee of Defendant, a Florida for-profit corporation, and brings this action for unpaid wages, liquidated damages, attorneys' fees/costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA").

2. Plaintiff worked as a non-exempt hourly "Keys Keeper" for Defendant and performed related, non-exempt activities for Defendant in Pinellas County, Florida. Therefore, Defendant is within this Court's jurisdiction.

3. Defendant is a large career placement enterprise that operates nationwide.

4. Defendant is an EMPLOYER as defined by the FLSA and Defendant conducts interstate commerce, using telephones, highways, and byways and products and supplies (that are used in connection with services provided to Defendant's customers) that do not originate from Florida.

5. Plaintiff's duties involved interstate commerce, including but not limited to, working as a manual laborer in the dormitory who mopped, swept, vacuumed, moved furniture, performed cleaning tasks, and secured the facility.



6. Plaintiff was not paid overtime for all of the hours he worked beyond 40 in a single workweek.

7. Plaintiff was engaged by Defendant to work as a laborer during the three (3) years prior to the initiation of this lawsuit.

8. Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow him to properly record all of his hours worked.

9. Specifically, Defendant required Plaintiff, an hourly non-exempt employee, to provide it with his personal phone number so that Defendant could contact Plaintiff during non-working hours.

10. Defendant, through its employees, agents, and vendors, consistently and routinely contacted Plaintiff during non-working hours to discuss work related topics.

11. Defendant's policy required Plaintiff to answer his phone and discuss work related topics during non-working hours. In fact, Plaintiff would have been disciplined if he failed to answer or return Defendant's phone calls during non-working hours.

12. Defendant told Plaintiff that it was his responsibility to answer phone calls during non-workings hours because it was his responsibility as "Key Keeper."

13. Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff's working hours were not properly recorded or reflected on Plaintiff's timesheets.

14. Defendant did not provide Plaintiff with a mechanism for properly recording all hours spent working for Defendant outside of his normal schedule.

15. Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

16. As a result, Plaintiff often performed work for which he was not compensated. Many of Plaintiff's hours were not recorded, therefore Plaintiff neither received his regular rate nor his premium, overtime rate for all hours worked.

17. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff wages, though Plaintiff habitually worked up to 45 hours a week or more since his hire.

18. Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

19. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

20. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in requiring Plaintiff to work off the clock, was a calculated attempt to extract more additional work out of Plaintiff for the benefit of Defendant's, as the expense of Plaintiff, who was being paid less than premium wages under the FLSA.

19. Defendant, at all relevant times to this amended complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the job placement industry as Defendant operates as "Job Corps" dealing with interstate customers and using computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida to operate a facility that is designed to cater to tourist from out of state.

20. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs. This

action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

21. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Orange County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

22. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the real estate industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

23. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA. This would include to doing hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

24. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during his employment with Defendant. The off the clock

4

work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

25. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

27. Plaintiff is entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty. During his employment with Defendant, Plaintiff regularly worked hours for each week in which he was not paid at the correct rate of pay. Plaintiff routinely performed labor, at Defendant's specific request for the sole benefit of Defendant and was not paid for the hours he worked.

28. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff his correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has damages and incurring reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FLSA is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

### Declaration of Michael Henderson n Pursuant to 28 U.S.C. § 1746

I swear under penalty of perjury that the foregoing is true and correct.

Dated: 8/17/18

Printed Name: Michael J. Henderson

Signature: *Michael J. Henderson*

DATED this 27th day of July, 2018,

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
P.O. Box 4476
Brandon, FL 33509-4476
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com