**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL HENDERSON,

    Plaintiff,

v.

                                                                                Case No.: 8:18-cv-02521-CEH-CPT

ODLE MANAGEMENT GROUP, INC.,

    Defendant.
_____/

**DEFENDANT ODLE MANAGEMENT GROUP, LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Odle Management Group, LLC, through its undersigned counsel, submits its Answer and Defenses to the Complaint filed by Plaintiff, Michael Henderson, and responds to the correspondingly-numbered paragraphs as follows:

1. Odle admits that Plaintiff was its employee. Odle denies the remaining allegations in Paragraph 1.

2. Odle admits that Plaintiff worked as a non-exempt, hourly employee in Florida. Odle also admits that this Court has jurisdiction. Odle denies that Plaintiff held the position of "Keys Keeper" and denies the remaining allegations in Paragraph 2.

3. Odle admits that it is a career placement company; otherwise denied.

4. Odle admits that it is subject to the provisions of the FLSA; otherwise denied.

5. Odle denies that Plaintiff's duties implicated interstate commerce, but admits that Odle is subject to the provisions of the FLSA. Odle denies the remaining allegations in Paragraph 5.

6. Denied.

7. Odle admits that it employed Plaintiff as a Day Resident Advisor; otherwise denied.

8. Denied.

9. Odle admits that some of its employees had access to Plaintiff's personal phone number. Odle denies that it "required" Plaintiff to provide his phone number and denies the remaining allegations in Paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Odle admits that, on occasion, Plaintiff performed overtime work. Odle denies that Plaintiff was not fully compensated for that work and denies the remaining allegations in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

19. Odle admits that it is subject to the provisions of the FLSA; otherwise denied.[1]

20. Denied.

21. Odle admits that this Court has jurisdiction over Plaintiff's claims. Odle denies that any events pertinent to Plaintiff's claims occurred in Orange County and denies the remaining allegations in Paragraph 21.

22. Odle admits that it is subject to the provisions of the FLSA; otherwise denied.

23. Odle admits that Plaintiff was a non-exempt, hourly employee. Odle denies that Plaintiff is subject to individual coverage under the FLSA and denies the remaining allegations in Paragraph 23.

24. Denied.

25. Denied.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

26. Odle incorporates and re-alleges its responses to Paragraphs 1 – 25 as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

---

[1] Plaintiff's Complaint uses incorrect paragraph numbers on Page 3. Odle has used the same incorrect numbering scheme for consistency's sake.

30. Odle acknowledges that Plaintiff has requested a jury trial, but denies that he is entitled to any relief.

**ODLE DENIES ANY ALLEGATIONS SET FORTH IN THE COMPLAINT NOT SPECIFICALLY ADMITTED ABOVE.**

### AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Odle does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Odle is continuing to investigate Plaintiff's allegations. Therefore, Odle reserves the right to amend its Answer and Defenses.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid all wages due pursuant to the FLSA.

### SECOND DEFENSE

Odle states that its actions with respect to Plaintiff were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

### THIRD DEFENSE

Odle states that its actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

## FOURTH DEFENSE

Odle acted in good faith and had reasonable grounds for believing that its actions did not violate the FLSA and any claims of willful violations or for a three-year limitations period or for liquidated damages should be dismissed.

## FIFTH DEFENSE

Further, and in the alternative if necessary, Odle states that the claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

## SIXTH DEFENSE

Odle is not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with 29 U.S.C. § 254.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation for work other than compensable working time.

## EIGHTH DEFENSE

Odle is entitled to a set-off with respect to any monies paid to Plaintiff for any hours when Plaintiff was not actually performing work for Odle.

### NINTH DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable limitations period under the FLSA, and to the extent they seek recovery for pay periods outside the applicable limitations period.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands or equitable estoppel to the extent that, among other things, he intentionally falsified his time records, underreported his hours worked and misreported his hours worked to Odle.

### ELEVENTH DEFENSE

Plaintiff waived, and/or is estopped from asserting, claims to the extent that they are based on an alleged failure to pay wages, if he did not accurately report his time, or did not timely advise Odle of any alleged mistakes in payment, underpayments, or failure by Odle to pay compensation in accordance with applicable laws and agreements.

### TWELFTH DEFENSE

Plaintiff's claim for attorneys' fees is barred, in whole or in part, under the doctrine of avoidable consequences, because he failed to make reasonable efforts to avoid or minimize those fees by affording Odle an opportunity to correct any alleged errors in compensation promptly.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred because even if Plaintiff had worked uncompensated overtime, which Odle denies, it would have been *de minimis*.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Odle respectfully requests:

    a.    Plaintiff's claims be stricken or dismissed with prejudice;

    b.    Each and every prayer for relief in Plaintiff's Complaint be denied;

    c.    Judgment be entered in favor of Odle; and

    d.    Odle be granted such other and further relief as this Court deems just and appropriate.

Dated as of November 7, 2018.

    Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Andrew R. Lincoln*
Andrew R. Lincoln
Lead Trial Counsel
Florida Bar Number: 0069588
E-mail: andrew.lincoln@jacksonlewis.com
E-mail: denise.dawson@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:    813-512-3210
Facsimile:    813-512-3211

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2018, a true and correct copy of the foregoing *Defendant Odle Management's Answer and Defenses* was filed with the Clerk of Court via the CM/ECF system, which will automatically send electronic notice to all counsel of record.

    */s/ Andrew R. Lincoln*
    Attorney

4841-7259-6601, v. 1